UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA STOP, et al.,<br><br>        Defendants. | No. 2:22–cv–58–JAM–KJN<br><br>FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S IFP REQUEST<br><br>(ECF No. 2) |

Plaintiff, who is proceeding with counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

The affidavit in support of the motion indicates plaintiff has a monthly household income of approximately $4,000, i.e., $48,000 annually. (See ECF No. 2.) According to the United States Department of Health and Human Services, the current poverty guideline for a household of 4 (not residing in Alaska or Hawaii) is $26,500.00. See https://aspe.hhs.gov/poverty-guidelines. As plaintiff's gross household income is almost 200% of the 2021 poverty guideline, the court cannot find plaintiff unable to pay. To be sure, the court is sympathetic to the fact that plaintiff does not have a large income, and that plaintiff also has several expenses to contend

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

with. However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court. Such difficulties in themselves do not amount to indigency. Thus, the court recommends plaintiff's IFP motion be denied. See Tripati v. Rison, 847 F.2d 548, 548-49 (9th Cir. 1988) (absent consent of all parties, magistrate judge lacks authority to issue dispositive order denying in forma pauperis status). Presently, a filing fee of $400.00 is required to commence a civil action in this court.

However, based on the information provided by plaintiff, it is clear that a one-time $400 payment may represent a significant strain on his monthly budget. Therefore, the court finds it appropriate to allow for monthly payments of $50.00 until the $400.00 filing fee is satisfied. Upon receipt of the first installment, the court would then issue the appropriate service orders.

Accordingly, the undersigned RECOMMENDS:

1. Plaintiff's IFP request (ECF No. 2) be DENIED;
2. Plaintiff be granted leave to satisfy the filing fee in $50 installments, beginning February 11, 2022, and allow for the Clerk to issue a summons after the first installment is received;
3. Plaintiff be warned that failure to satisfy the full filing fee according to the payment schedule may result in dismissal under Federal Rule of Civil Procedure 41(b); and
4. This matter is referred back to the assigned district judge for all further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). No objections period is required for IFP denials. Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998), as amended (Sept. 9, 1998) ("[Plaintiff] was not entitled to file written objections to the magistrate judge's recommendation that [his] application to proceed in forma pauperis be denied.").

Dated: January 12, 2022

Thom.58

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE